

**IT IS ORDERED as set forth below:**

**Date: March 21, 2018**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | CASE NO. **16-72067-PMB** |
| | : | |
| **BARBARA JEAN KRIEG,** | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |
| **NEIL C. GORDON,** | : | |
| **CHAPTER 7 TRUSTEE FOR THE ESTATE** | : | |
| **OF BARBARA JEAN KRIEG** | : | |
| | : | ADVERSARY PROCEEDING |
| Plaintiff, | : | |
| | : | NO. **17-5155** |
| v. | : | |
| | : | |
| **WELLS FARGO BANK,** | : | |
| **NATIONAL ASSOCIATION,** | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING WELLS FARGO'S MOTION FOR SUMMARY JUDGMENT
AND DENYING CHAPTER 7 TRUSTEE'S MOTION FOR SUMMARY JUDGMENT**

The above-referenced matter (the "Adversary Proceeding") comes before the Court on

cross-motions for summary judgment (Docket Nos. 11 & 14) filed by the Plaintiff Chapter 7 Trustee (the "Trustee") and Defendant Wells Fargo Bank, National Association (the "Defendant").  In this Adversary Proceeding, the Trustee seeks to avoid the security interest held by Defendant on the Debtor's interest in real property arising from a security deed (the "Security Deed") executed by the Debtor and her spouse, Steven M. Krieg ("Mr. Krieg"), in Defendant's favor.  Both cross-motions for summary judgment address whether the signatures contained in the Security Deed comply with Georgia recordation requirements in effect at the time of execution, and thus whether the Security Deed provides constructive notice of the Defendant's interest to a subsequent bona fide purchaser that would prevent the Trustee from avoiding the Security Deed under 11 U.S.C. § 544(a)(3).  Upon consideration of all pleadings and briefs filed in this matter, the Court finds that the signatures on the Security Deed satisfy the recording requirements for security deeds executed in 2012 under O.C.G.A. §§ 44-14-61 and 44-14-33.  Therefore, the Trustee's *Motion for Summary Judgment Against Defendant Wells Fargo Bank, National Association* ("Trustee's Motion for Summary Judgment")(Docket No. 14) is denied and Defendant's *Motion for Summary Judgment* ("Defendant's Motion for Summary Judgment")(Docket No. 11) is granted.

## FACTS

The material facts of this case are undisputed.  The subject Security Deed, dated September 19, 2012, was executed by the Debtor and Mr. Krieg in favor of Defendant regarding real property located at 144 Audubon Parkway, Stockbridge, Henry County, Georgia 30281 (the "Property").  The Security Deed was filed in the real estate records of the Office of the Clerk of the Superior Court of Henry County, Georgia on October 1, 2012, and was recorded on pages 350 through 360 of Deed Book # 12730 (the "Deed Book").  The Debtor's signature is located on

2

Page 356 (the "Signature Page") and is dated September 18, 2012. Mr. Krieg's signature also appears on the Signature Page. The Signature Page also contains the signature of Sylvia Gayle Coursey ("Ms. Coursey"), who signed the Signature Page twice under the two (2) "WITNESS" signature sections that appear on that page. On the following page (Deed Book, Page 357) is a notary acknowledgment (the "Acknowledgement"). The Acknowledgment is dated September 18, 2012, and contains the printed name and signature of Arnice H. Foster, a notary public ("Ms. Foster"), as well as her notary seal.

Recorded contemporaneously with the Security Deed in the Deed Book at Pages 358-359 are (1) a Waiver of Borrower's Rights rider (the "Waiver of Rights Rider") and (2) a Closing Attorney's Affidavit (the "Affidavit"). The Waiver of Rights Rider, also dated September 18, 2012, is signed by the Debtor and Mr. Krieg as grantors, signed by Ms. Coursey as an unofficial witness, and signed and notarized by Ms. Foster. The Affidavit bears the signature of Ms. Foster, and is notarized and signed by a Clayton County public notary, R. Whitlock. The last page of the Security Deed, recorded at Page 360 of the Deed Book, is labeled "Exhibit A" and contains a legal description of the Property.

The Debtor filed a Chapter 7 bankruptcy petition on December 9, 2016, at which time the Trustee was appointed to administer the underlying bankruptcy case. On June 13, 2017, the Trustee filed a complaint against Defendant, seeking to avoid the interest held by Defendant in the Debtor's interest in the Property under the Security Deed pursuant to 11 U.S.C. § 544. Were such interest to be avoided, the Trustee seeks to recover and preserve such interest (or the value thereof) for the benefit of the Debtor's bankruptcy estate under 11 U.S.C. §§ 550 and 551.

## LEGAL ANALYSIS[1]

Summary judgment may be granted pursuant to Federal Rule of Civil Procedure 56, made applicable herein by Federal Rule of Bankruptcy Procedure 7056, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).[2] In deciding a motion for summary judgment, the court "is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The initial burden of proving the absence of dispute as to any material fact rests with the moving party. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In meeting this initial burden, the moving party must identify "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)(internal quotations omitted). Once the party moving for summary judgment has identified those materials demonstrating the absence of a genuine issue of material fact, the non-moving party cannot rest on mere denials or conclusory allegations, but must go beyond the pleadings and designate, through proper evidence such as by affidavits or personal knowledge or otherwise, specific facts showing the existence of a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Johnson v. Fleet Finance Inc.*, 4 F.3d 946, 948-49 (11th Cir. 1993); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-16

---

[1] The court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157.

[2] In determining the materiality of facts, "the substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

(11th Cir. 1993). Further, all reasonable doubts should be resolved in favor of the non-moving party, and "[i]f reasonable minds could differ on any inferences arising from undisputed facts, summary judgment should be denied." *Twiss v. Kury*, 25 F.3d 1551, 1555 (11th Cir. 1994)(citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).

Pursuant to 11 U.S.C. § 544(a)(3), the Trustee may use his strong-arm powers to avoid any transfer of property by a debtor that is voidable by a bona fide purchaser under applicable state law.[3] Under Georgia law, a security deed that contains a patent defect, even if recorded, fails to provide constructive notice to subsequent bona fide purchasers, and such purchasers are not bound by security deeds that fail to provide constructive notice. *See In re Knight*, 504 B.R. 668, 671 (Bankr. N.D. Ga. 2014); *U.S. Bank Nat'l Ass'n v. Gordon*, 289 Ga. 12, 709 S.E.2d 258 (2011).[4] "A patent defect is one that is obvious and easily detectable, while a latent defect is not apparent on the face of the deed." *In re Simpson*, 544 B.R. 913, 918 (Bankr. N.D. Ga. 2016)(internal quotes and citations omitted). A security deed that "shows on its face that it was 'not properly attested or acknowledged, as required by statute, is ineligible for recording.'" *U.S. Bank Nat'l Ass'n v. Gordon*, 289 Ga. at 15, 709 S.E.2d 258 (2011)(quoting *Higdon v. Gates*, 238 Ga. 105, 107, 231 S.E.2d 345 (1976)). Conversely, "[t]he recording of a properly attested security deed serves as constructive notice to all subsequent bona fide purchasers." *Wells Fargo Bank, N.A. v. Gordon*, 292 Ga. 474, 475, 749 S.E.2d 368 (2013).

---

[3] Section 544(a)(3) provides that the Trustee may avoid "any transfer of property of the debtor . . . that is voidable by a bona fide purchaser of real property . . . from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists." 11 U.S.C. § 544(a)(3).

[4] In *U.S. Bank Nat'l Ass'n v. Gordon*, the Georgia Supreme Court clarified that the constructive notice requirements of O.C.G.A. § 44-14-33 applied to security deeds, such that a security deed is "duly recorded" and provides constructive notice if "the clerk responsible for recording determines, from the face of the document, that it is in the proper form for recording, meaning that it is attested or acknowledged by a proper officer and (in the case of real property) an additional witness." *U.S. Bank Nat'l Ass'n v. Gordon*, 289 Ga. at 15, 709 S.E.2d 258 (2011).

At the time the Security Deed was executed and recorded in 2012, the law governing the attestation requirements for security deeds was the same as that for mortgages. O.C.G.A. §§ 44-14-61, 44-14-33.[5]  More specifically, at that time O.C.G.A. § 44-14-61 stated that "[i]n order to admit deeds to secure debt or bills of sale to record, they shall be attested or proved in the manner prescribed by law for mortgages." O.C.G.A. § 44-14-61. O.C.G.A. § 44-14-33 provided the law for recording mortgages and stated, in part:

> In order to admit a mortgage to record, it must be attested by or acknowledged before an officer as prescribed for the attestation or acknowledgment of deeds of bargain and sale; and, in the case of real property, a mortgage must also be attested or acknowledged by one additional witness.

O.C.G.A. § 44-14-33.

This matter is before the Court on cross motions for summary judgment and has been fully briefed.[6]  Based on the materials submitted by the parties, the only outstanding issue is whether the Security Deed is patently defective, such that its recordation failed to provide constructive notice to subsequent bona fide purchasers. According to the Trustee, the Security Deed contains a patent defect because the document was not attested by two (2) witnesses. Specifically, the Trustee claims that at the time the Security Deed was executed, applicable Georgia law required

---

[5] The law governing the recording requirements for security deeds was subsequently amended and became effective July 1, 2015 to say: "[i]n order to admit deeds to secure debt or bills of sale to secure debt to record, they shall be signed by the maker, attested by an officer as provided in Code Section 44-2-15, and attested by one other witness." O.C.G.A. § 44-14-61 (effective July 1, 2015). Additionally, the law governing mortgages, O.C.G.A. § 44-14-33, was amended effective July 1, 2015 to say "[i]n order to admit a mortgage to record, it shall be signed by the maker, attested by an officer as provided in Code Section 44-2-15, and attested by one other witness. O.C.G.A. § 44-14-33 (effective July 1, 2015). However, for the purposes of this order, the pre-2015 versions of O.C.G.A. §§ 44-14-33, 44-14-61 that were in effect in 2012, when the Security Deed was executed and recorded, are the relevant versions of those statutes, and will be referred to in this Order.

[6] The Trustee supplemented his Trustee's Motion for Summary Judgment with his *Plaintiff's Statement of Material Facts as to Which There is No Genuine Issue to be Tried* (Docket No. 15), and responded to Defendant's Motion for Summary Judgment with his *Plaintiff's Response to Defendant's Motion for Summary Judgment* (Docket No. 12), *Plaintiff's Response to Defendant's Statement of Material Facts Not in Dispute* (Docket No. 13), and his *Reply Brief in Support of Plaintiff's Motion for Summary Judgment Against Defendant Wells Fargo Bank, National Association* (Docket No. 18). Defendant's supporting pleadings were all filed with its Motion for Summary Judgment. Defendant also filed its *Defendant's Brief in Response to Plaintiff's Cross-Motion for Summary Judgment* (Docket No. 17) in response to the Trustee's Motion for Summary Judgment.

"at least two attesting witnesses in order [to properly record both mortgages and security deeds]." (Trustee's *Brief in Support of Motion for Summary Judgment*, p. 5)(Docket No. 16).

In response, Defendant argues that O.C.G.A. § 44-14-33 plainly permits attestation *or* acknowledgment, such that the Security Deed's failure to include an attestation by a second witness does not render the Security Deed patently defective. Defendant further contends that, even if the Court were to find that two (2) attesting witnesses were required under then-existing law, a remedial statute, O.C.G.A. § 44-2-18, applies to the facts of this case and serves to cure any defects in attestation caused by the lack of a second witness.[7]

The Court agrees with Defendant's first argument and finds that the Security Deed satisfies the recordation requirements of O.C.G.A. § 44-14-33, such that the Security Deed was "duly recorded" and provides constructive notice to a hypothetical bona fide purchaser, including the Trustee in this case. Prior to the 2015 amendment, O.C.G.A. § 44-14-33 provided the recordation requirements for mortgages recorded in Georgia (and, by extension, security deeds), and stated in full as follows:

> In order to admit a mortgage to record, it must be attested by or acknowledged before an officer as prescribed for the attestation or acknowledgment of deeds of bargain and sale; and, in the case of real property, a mortgage must also be attested or acknowledged by one additional witness. In the absence of fraud, if a mortgage is duly filed, recorded, and indexed on the appropriate county land records, such recordation shall be deemed constructive notice to subsequent bona fide purchasers.

O.C.G.A. § 44-14-33. As an initial matter, the Court notes that the parties do not dispute the

---

[7] O.C.G.A. § 44-2-18 provides that "[i]f a deed is neither attested by nor acknowledged before one of the officers named in Code Section 44-2-15, it may be recorded upon the affidavit of a subscribing witness, which affidavit shall be made before any one of the officers named in O.C.G.A. § 44-2-15 and shall testify to the execution of the deed and its attestation according to law. A substantial compliance with the requirements of this Code section shall be held sufficient in the absence of all suspicion of fraud." O.C.G.A. § 44-2-18. Defendant asserts that the Affidavit, included in the Waiver of Rights Rider, satisfies the requirements of O.C.G.A. § 44-2-18 because the Affidavit "testifies to proper attestation and execution [of the Security Deed]." (Defendant's *Memorandum in Support of its Motion for Summary Judgment*, pp. 16-17)(Docket No. 11-3).

7

validity of the attestation of the Security Deed by an unofficial witness, Ms. Coursey.[8]  Thus, the issue that remains is whether the Acknowledgment satisfies the recordation requirements of O.C.G.A. § 44-14-33.  This inquiry into the sufficiency of the Acknowledgment under O.C.G.A. § 44-14-33 is two-fold: first, the Court must determine whether the statute itself permits acknowledgment as a method of authentication; and, if so, the Court must determine whether the Acknowledgment is valid and proper under Georgia law.

As to the first question, the plain language of the statute clearly provides for two (2) alternative methods of authentication: attestation *or acknowledgement*.[9]  The statute states that a mortgage "must be attested by *or acknowledged* before an officer as prescribed for the attestation or acknowledgement of deeds of bargain and sale; and . . . attested or *acknowledged* by one additional witness."  O.C.G.A. § 44-14-33 (emphasis added).  The Trustee argues that the statute, by its reference to "deeds of bargain and sale," incorporates the recordation requirements for deeds to lands generally, which only permits attestation by two (2) witnesses.  *See* O.C.G.A. § 44-5-30.  To that end, the Trustee first claims that the reference to "deeds of bargain and sale" in the phrase "attested by or acknowledged before an officer as prescribed for the attestation or acknowledgement of deeds of bargain and sale" constitutes a mandate that mortgages (and thereby security deeds) comply with the requirements for deeds of bargain and sale.  The Trustee

---

[8] "Attestation is the act of witnessing the actual execution of a paper and subscribing one's name as a witness to that fact." *Gilliam v. Burgess*, 169 Ga. 705, 707, 151 S.E. 652, 653 (1930).  Here, Ms. Coursey's signature appears twice on the "WITNESS" lines on the Signature Page, below the words "IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument."  Such language clearly indicates that Ms. Coursey witnessed the execution of the Security Deed, thereby confirming that the Security Deed was properly attested by an unofficial witness under O.C.G.A § 44-14-33.

[9] This conclusion is also supported by the language of O.C.G.A. § 44-14-61, which requires that a security deed "be attested *or proved* in the manner prescribed by law for mortgages."  O.C.G.A. § 44-14-61 (emphasis added).  The highlighted language would, of course, be surplusage if attestation were the only permitted method to authenticate a security deed.

8

then asserts that O.C.G.A. § 44-5-30,[10] which governs deeds to lands generally and permits only attestation by two (2) witnesses, also supplies the recordation requirements for deeds of bargain and sale, such that O.C.G.A. § 44-14-33 itself permits only attestation by two (2) witnesses as a means of authentication.[11]

The Trustee's interpretation of the language at issue is incorrect. The reference to "deeds of bargain and sale" in the phrase "attested by or acknowledged before an officer as prescribed for the attestation or acknowledgement of deeds of bargain and sale" serves merely to define the types of official witnesses who may attest to or acknowledge the execution of a security deed, such as a notary public or a clerk or deputy clerk of a superior or city court. *See* O.C.G.A. § 44-2-15;[12] *In re Knight*, 504 B.R. at 671 (explaining that, pursuant to O.C.G.A. §§ 44-14-33, 44-2-15, a security deed "must be attested or acknowledged by an 'official witness' such as a judge of a court of record, a notary public, or a clerk or deputy clerk of a superior court or a city court"); *see also In re Blackmon*, 509 B.R. 415, 418 (Bankr. N.D. Ga. 2014)(citing to O.C.G.A. §§ 44-2-15,

---

[10] O.C.G.A. § 44-5-30, prior to amendment in 2015, provided, in pertinent part, that a "deed to lands shall be . . . in writing, signed by the maker, and attested by at least two witnesses." O.C.G.A. § 44-5-30.

[11] The Trustee also cites to subsequent statutory amendments, Georgia real estate treatises, and continuing education materials from the real estate section of the Georgia Bar to support his proposition that O.C.G.A. § 44-5-30, rather than the plain language of O.C.G.A. § 44-14-33 itself, supplies the recordation requirements for security deeds and mortgages. *See* Trustee's *Brief in Support of Motion for Summary Judgment*, pp. 8-12 (Docket No. 16). The Court finds these sources unpersuasive. In 2012, the statute governing security deeds clearly provided that the recordation requirements for security deeds were governed by the law for mortgages, *not* the law for deeds to lands generally. *See* O.C.G.A. § 44-14-61. Although security deeds would fall under the category of "deeds to lands generally" found in O.C.G.A. § 44-5-30, the Trustee overlooks the fact that, prior to amendment in 2015, the Georgia legislature plainly intended for security deeds to be governed not by O.C.G.A. § 44-5-30, but by the law for mortgages under O.C.G.A. § 44-14-33. *See In re Knight,* 504 B.R. 668, 671 (Bankr. N.D. Ga. 2014)("[a] security deed must be attested or acknowledged as provided by law in the manner set forth for mortgages under Georgia law."). Thus, the Trustee's attempt to shoehorn the conflicting recordation requirements of an inapplicable statute to the case at bar is unconvincing.

[12] O.C.G.A. § 44-2-15 provides the list of individuals authorized attest to the execution of security instruments enumerated in O.C.G.A. § 44-2-14, and states "[security instruments listed in O.C.G.A. § 44-2-14] may be attested by a judge of a court of record, including a judge of a municipal court, or by a magistrate, a notary public, or a clerk or deputy clerk of a superior court or of a city court created by special Act of the General Assembly." O.C.G.A. § 44-2-15. Deeds of bargain and sale are included in the types of security instruments listed in O.C.G.A. § 44-2-14, which include "any deed to realty or personalty or any mortgage, bond for title, or other recordable instrument executed in this state." O.C.G.A. § 44-2-14.

9

44-14-33 to note that "[p]roper attestation requires that the document is attested or acknowledged by two witnesses: an official witness and one additional witness."); *U.S. Bank Nat'l Ass'n v. Gordon*, 289 Ga. at 15, 709 S.E.2d 258 (2011)(citing to O.C.G.A. § 44-2-15 to explain that the first sentence of O.C.G.A. § 44-14-33 provides that a security deed "must be attested by or acknowledged before an officer, such as a notary public, and, in the case of real property, by a second witness.").

A review of the structure of the statue confirms this conclusion. The phrase "deeds of bargain and sale" is qualified by "an officer as prescribed for the attestation or acknowledgement of", meaning only the types of officers who may attest or acknowledge deeds of bargain and sale may attest or acknowledge mortgages. The use of the phrase "deeds of bargain and sale" in the statute, does not, however, result in the wholesale application of the different attestation requirements of O.C.G.A. § 44-5-30, a statute that governs deeds to lands generally, to the more specific statute, O.C.G.A. § 44-14-33, which governs mortgages (and at the time, security deeds). Rather, the more specific language of O.C.G.A. § 44-14-33, which clearly governs the security instrument at issue, controls over the conflicting attestation requirements of the more general O.C.G.A. § 44-5-30. *See Ga. Mental Health Inst. v. Brady*, 263 Ga. 591, 592, 436 S.E.2d 219 (1993)(noting that where statutes are in conflict, the "specific statute governs over [the] more

general statute."). Thus, under the plain language of the applicable statute at issue,[13] a security deed may be attested *or* acknowledged "before [an official witness as provided in O.C.G.A. § 44-2-15]", and attested or acknowledged by one additional [unofficial] witness. O.C.G.A. §§ 44-14-33, 44-2-15. In light of the statute's clarity, the Trustee's attempt to have the requirements of O.C.G.A. § 44-5-30, a more general statute with different attestation requirements, supplant the plain language of O.C.G.A. § 44-14-33, is unavailing.

Further, this Court is not the first court to say that the recordation requirements under the pre-2015 version of O.C.G.A. § 44-14-33 permit both attestation and acknowledgement. For example, in *In re Simpson*, the court was tasked with determining whether a security deed executed in 2004 satisfied the recordation requirements under O.C.G.A. § 44-14-33.[14] In articulating the recordation requirements of the applicable version of O.C.G.A. § 44-14-33, the court explained that "Georgia law required signatures of both an official witness and an unofficial witness, and *allowed for acknowledgment as well as attestation as alternate means of authentication.*" *In re Simpson*, 544 B.R. at 918 (emphasis added). Other courts, including courts

---

[13] When tasked with construing a statutory provision, a court's inquiry begins with the statutory text, as "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). If, however, the text of the statute is ambiguous, a court may turn to "other interpretative tools," including legislative history. *See U.S. v. Pringle*, 350 F.3d 1172, 1180 n.11 (11th Cir. 2003). Here, if the Court were to find O.C.G.A. § 44-14-33 to be ambiguous, which it does not, legislative history regarding the 2015 amendment to O.C.G.A. § 44-14-33 supports the conclusion that, prior to 2015, acknowledgment was a valid means by which a security deed could be executed and recorded. As noted previously, O.C.G.A. § 44-14-33 was amended in 2015 to state, in relevant part, that a mortgage must be "attested by an officer as provided in Code Section 44-2-15, and attested by one other witness." O.C.G.A. § 44-14-33 (effective July 1, 2015). Legislative history reveals that the general aim of the 2015 amendment was to make clear the "number and type of witnesses" required for recording various security instruments under Title 44. Ga. H.R. Daily Rep., 2015 Reg. Sess. No. 40 (April 7, 2015). To that end, the 2015 amendment "clarif[ied] that only attestation will suffice in recording and executing [security instruments]" in its removal of the acknowledgment language from the statute, even though "the [then] current language allow[ed] for acknowledgement as well as attestation." *Id.* In other words, the General Assembly's removal of the acknowledgment language from O.C.G.A. § 44-14-33, together with the retention of the attestation language demonstrates that, prior to 2015, acknowledgment was a proper method to authenticate a mortgage (and by extension, a security deed).

[14] The 2004 version of O.C.G.A. § 44-14-33 is identical to the 2012 version of the law that governs the instant proceeding. *Compare* O.C.G.A. § 44-14-33 (2004), *with* O.C.G.A. § 44-14-33 (2012).

11

in this district as well as the Georgia Supreme Court, have decided cases under a pre-2015 version of O.C.G.A. § 44-14-33 in which they describe the statute as permitting both attestation and acknowledgment to satisfy the statute's recordation requirements.[15] *See In re Knight*, 504 B.R. at 671 (as to a 2007 security deed, stating that such a deed "must be attested or acknowledged by an 'official witness' such as a judge of a court of record, a notary public, or a clerk or deputy clerk of a superior court or a city court, and it must also be attested or acknowledged by an additional 'unofficial' witness."); *see also In re Blackmon*, 509 B.R. at 418 (noting that, as to a security deed executed in 2005, "[p]roper attestation requires that the document is attested or acknowledged by two witnesses: an official witness and one additional witness."); *In re Perry*, 565 B.R. 442, 446 (Bankr. M.D. Ga. 2017)(quoting *In re Simpson* to explain that O.C.G.A. § 44-14-33 permitted both attestation and acknowledgment when a March 2015 security deed was executed); *U.S. Bank Nat'l Ass'n v. Gordon*, 289 Ga. at 15, 709 S.E.2d 258 (2011)(explaining that the 2005 version of O.C.G.A. § 44-14-33 provided that a security deed "must be attested by or acknowledged before an officer, such as a notary public, and, in the case of real property, by a second witness."). As the foregoing courts have also, this Court construes O.C.G.A. § 44-14-33 to permit both attestation and acknowledgment to satisfy the statute's recordation requirements.

Having answered the first question in the affirmative, the Court now turns to the second question—whether the Acknowledgement itself is valid. The Court finds that it is. The act of acknowledgment, as distinct from attestation, "is the act of a grantor in going before some competent officer and declaring the paper to be his deed; and to make such acknowledgment good in law, it must be accompanied by the certificate of the officer that it has been made." *White v.*

---

[15] O.C.G.A. § 44-14-33 remained unchanged from 1995 through 2015. The law was amended in 1995 to add the following language:"[i]n the absence of fraud, if a mortgage is duly filed, recorded, and indexed on the appropriate county land records, such recordation shall be deemed constructive notice to subsequent bona fide purchasers." O.C.G.A. § 44-14-33 (1995). Such language was held to apply to security deeds by the Georgia Supreme Court. *U.S. Bank Nat'l Ass'n v. Gordon*, 289 Ga. at 14, 709 S.E.2d 258 (2011).

*Magarahan*, 87 Ga. 217, 13 S.E. 509, 510 (1891), *overruled on other grounds*, *Leeds Bldg. Products, Inc. v. Sears Mortg. Corp.*, 267 Ga. 300, 477 S.E.2d 565 (1996). Although Georgia law does not mandate that acknowledgments contain specific substantive words or phrases, most acknowledgments are an "explicit certification by a notary public that a person signing a document appeared before the notary and swore or affirmed that the assertions in the document were true." *In re Simpson*, 544 B.R. at 919. An acknowledgment need only "state the fact of the acknowledgment and identify the person making the acknowledgment." *Id.*

A notary public is vested with the authority to take acknowledgments pursuant to O.C.G.A. § 45-17-8(a)(2). In carrying out such authority, a notary public "shall sign on the notarial certification, by hand in ink, only and exactly the name indicated on the notary's commission and shall record on the notarial certification the exact date of the notarial act." O.C.G.A. § 45-17-8.1(a). Additionally, a notary public must, to authenticate a "notarial act"[16] such as taking an acknowledgment, "provide a seal of office, which seal shall have for its impression [the notary's] name, the words 'Notary Public,' the name of the state, and the county of [the notary's] residence . . . " O.C.G.A. § 45-17-6(a)(1).

The Acknowledgment in the Security Deed (Deed Book, Page 357), directly after the Signature Page, constitutes a valid certificate of acknowledgment in compliance with O.C.G.A. §§ 45-17-8.1(a), 45-17-6(a)(1). The boldfaced word "Acknowledgment" appears at the top of the page. On the next two (2) lines below this word appear "State of Pennsylvania" and "County of

---

[16] A "notarial act" is defined as "any act that a notary public is authorized by law to perform and includes, without limitation . . . the taking of an acknowledgment . . . " O.C.G.A. § 45-17-1(2).

13

Fulton," respectively.[17] Then the certificate of acknowledgment appears. It reads:

> "On September 18, 2012 before me Arnice H. Foster, the undersigned officer, personally appeared
>
> Barbara Krieg
> Steven Krieg
>
> known to me (or satisfactorily proven) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged that he/she (they) executed the same for the purposes therein contained.
>
> In witness whereof I hereunto set my hand and official seal."

Deed Book, Page 357. Below the certificate of acknowledgement is Ms. Foster's signature and her notary seal, which bears the name "ARNICE H. FOSTER" and the words "NOTARY PUBLIC," and reflects that that Ms. Foster is a Georgia notary public (specifically, in Fulton County), with her commission expiring on January 6, 2013.

The Acknowledgment is "signed . . . by hand in ink" with "the name indicated on the notary's commission" and includes "the exact date of the notarial act." O.C.G.A. § 45-17-8.1(a). Further, affixed to the Acknowledgment is Ms. Foster's notary seal which contains her name, the words "Notary Public," and the county and state of Ms. Foster's residence in compliance with O.C.G.A. § 45-17-6(a)(1). The Acknowledgment also provides that the Debtor and Mr. Krieg appeared before Ms. Foster and affirmed that they executed the Security Deed. As a result, the Acknowledgment is valid under applicable law and constitutes an acknowledgment by an official witness in satisfaction of O.C.G.A. § 44-14-33. Accordingly, the Security Deed is not patently

---

[17] The designation "State of Pennsylvania" is likely a typographical error, as Ms. Foster's notary seal indicates that she holds her appointment in Fulton County, Georgia, and the phrase "County of Fulton" appears below "State of Pennsylvania." Further, O.C.G.A. § 44-2-17(b) provides that when a recordable instrument "appears by its caption to have been executed in one state or county and the official attesting witness appears to be an officer of a different state or of another county, which official would not have jurisdiction to witness instruments in the state or county named in the caption, the instrument, notwithstanding its caption, shall be conclusively considered and construed to have been attested by the officer in the state or county in which he has authority to act." O.C.G.A. § 44-2-17(b). Hence, despite the appearance of the words "State of Pennsylvania" in the Acknowledgment, the Acknowledgment is still presumed to be executed in the state in which Ms. Foster has authority to act, which is the State of Georgia according to her notary seal.

defective in that it contains an attestation by an unofficial witness, Ms. Coursey, and an acknowledgment by an official witness, Ms. Foster. Hence, the Security Deed was duly recorded and provides constructive notice to subsequent bona fide purchasers, and is not avoidable by the Trustee under 11 U.S.C. § 544.

In light of the foregoing, the Court need not reach the Defendant's alternative argument, *supra*, that O.C.G.A. § 44-2-18 applies to cure any defects in attestation. Specifically, O.C.G.A. § 44-2-18 is inapplicable to the case at bar because there is no defect in the attestation of the Security Deed that the statute can cure. *Cf. Gordon v. Terrace Mortg. Co. (In re Kim)*, 571 F.3d 1342 (11th Cir. 2009)(applying O.C.G.A. § 44-2-18 to cure a defective security deed that lacked a notary seal); *In re Perry*, 565 B.R. 442 (Bankr. M.D. Ga. 2017)(employing O.C.G.A. § 44-2-18 to cure defective attestation where the notary failed to insert the date of the acknowledgment on the security deed).

Based on the foregoing, it is **ORDERED** that the Trustee's Motion for Summary Judgment is **DENIED**. It is further

**ORDERED** that the Defendant's Motion for Summary Judgment is **GRANTED**.

The Clerk's office is directed to serve this Order upon the Debtor, the Defendant, the Chapter 7 Trustee, and the Office of the United States Trustee.

**[END OF DOCUMENT]**